1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT FOR THE

7                  EASTERN DISTRICT OF CALIFORNIA

8

9  GLEN R. WEBSTER,            )      No. CV-F-04-5647 REC/DLB
                               )
10                             )      ORDER GRANTING DEFENDANT'S
                               )      MOTION FOR JUDGMENT ON THE
11            Plaintiff,        )      PLEADINGS, DENYING
                               )      PLAINTIFF'S MOTION TO AMEND
12       vs.                   )      AND DIRECTING ENTRY OF
                               )      JUDGMENT FOR DEFENDANT
13                             )
   UNITED STATES OF AMERICA,   )
14                             )
                               )
15            Defendant.        )
                               )
16 _____)

17       On November 7, 2005, the court heard defendant's motion for

18 judgment on the pleadings and plaintiff's motion to amend.

19       Upon due consideration of the record and the arguments of

20 the parties, the court grants defendant's motion and denies

21 plaintiff's motion for the reasons set forth herein.

22       On April 29, 2004, Glen R. Webster, proceeding in pro per,

23 filed a "COMPLAINT: Discrimination and Retaliation In Violation

24 of the Americans With Disabilities Act and Civil Rights Act".

25 On June 15, 2004, before the United States filed an Answer,

26 plaintiff filed an Amended "Complaint: Discrimination and

                                1

Retaliation In Violation of the Americans With Disabilities Act and Civil Rights Act".  The United States filed an Answer to the Amended Complaint on October 15, 2004.

The United States moves the court for judgment on the pleadings.  In addition to filing an opposition to the motion for judgment on the pleadings, plaintiff filed a motion to amend.

**A.  Motion for Judgment on the Pleadings.**

**1.  Governing Standards.**

As explained in Wright & Miller, 5A Federal Practice and Procedure, § 1367, pp. 509, 514 (1990):

> A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain. ...
>
> ...
>
> Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings.  If a party indulges in excessive delay before moving under Rule 12(c), the court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial.  The determination whether the motion constitutes a delay of trial is within the sound discretion of the judge.  However, if it seems clear that the motion may effectively dispose of the case, the court should permit it regardless of any possible delay its consideration may cause. Conversely, if the pleadings do not resolve all of the factual issues in the case, a trial on the merits would be more appropriate than a resolution of the case on a Rule 12(c)

2

1       motion.

2 This court held in <u>City of Merced v. R.A. Fields</u>, 997 F.Supp.

3 1326, 1331 (E.D.Cal. 1998) that the standard applied to a Rule

4 12(c) motion is essentially the same as that applied to a Rule

5 12(b)(6) motion.  The motion to dismiss for failure to state a

6 claim is rarely granted - it is possible only in "extraordinary

7 cases.  <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966

8 (9th Cir. 1981).  The pleading at issue must be construed in the

9 light most favorable to the pleader.  <u>Parks School of Business,</u>

10 <u>Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  "[A]

11 complaint should not be dismissed for failure to state a claim

12 unless it appears beyond doubt that the plaintiff can prove no

13 set of facts in support of his claim which would entitle him to

14 relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  In

15 reviewing a Rule 12(b)(6) motion, the court must accept as true

16 all material allegations in the pleading at issue, as well as

17 reasonable inferences to be drawn from them.  <u>NL Industries, Inc.</u>

18 <u>v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).  This is so no

19 matter how improbable the facts alleged.  <u>Neitzke v Williams</u>, 490

20 U.S. 319, 327 (1989).  The question of plaintiffs' ability to

21 prove its allegations is generally of no concern in ruling on a

22 Rule 12(b)(6) motion.  <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir.

23 1996).  Courts need also to assume that all general allegations

24 "embrace whatever specific facts might be necessary to support

25 them," <u>Peloza v. Capistrano Unified School Dist.</u>, 37 F.3d 517,

26 521 (9th Cir. 1994), but need not accept as true "conclusory

3

1  allegations". <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624

2  (9th Cir. 1981).

3       **2.  <u>Failure to Allege Compliance with Federal Tort</u>**

4  **<u>Claims Act</u>**.

5       To the extent that the Amended Complaint is brought pursuant

6  to the Federal Tort Claims Act, the United States moves for

7  judgment on the pleadings.  In so moving, the United States notes

8  that the Amended Complaint does not allege compliance with the

9  FTCA.

10      An action against the United States for damages resulting

11  from the negligence or wrongful conduct of a government employee

12  must be brought under the Federal Tort Claims Act, 28 U.S.C. §§

13  2671-2680.  As a jurisdictional prerequisite, a FTCA action can

14  only be instituted once an administrative claim is denied, either

15  actually or constructively by the agency's failure to act upon

16  the claim within six months.  28 U.S.C. § 2675(a).  Therefore, a

17  FTCA action may not be maintained when the claimant failed to

18  exhaust administrative remedies prior to filing suit.  <u>McNeil v.</u>

19  <u>United States</u>, 508 U.S. 106 (1993).  Further, a plaintiff cannot

20  bring a FTCA action prematurely and then subsequently amend his

21  complaint after denial of the administrative claim because the

22  district court lacks jurisdiction over an FTCA action filed

23  before the exhaustion requirement of Section 2675(a) is

24  satisfied.  <u>Duplan v. Harper</u>, 188 F.3d 1195, 1199 (10th Cir.

25  1999); <u>Sparrow v. U.S. Postal Service</u>, 825 F.Supp. 252, 254-255

26  (E.D.Cal. 1993).

1    According to the Second Affirmative Defense alleged in the

2  Answer, plaintiff filed a tort claim on August 10, 2004.  As

3  noted, plaintiff commenced this action on April 29, 2004, before

4  he filed the tort claim.  In his opposition to the motion for

5  judgment on the pleadings, plaintiff asserts:

6             [T]he Plaintiff has received the usual letter
              of denial from VA that any of there [sic]
7             people did anything wrong.  The Plaintiff
              having spent many years as a National Service
8             Officer working in the VA system knew exactly
              what VA would come back with.  In his many
9             years of experience working in the VA system
              he has never seen VA admit to doing any
10            wrong.  The denial letter was provided to the
              Defendants Council [sic] long before we got
11            to the point of going before this Court.  In
              the case in 2001 the same procedure was done
12            and excepted [sic] by the Court.

13   However, plaintiff does not address the failure to comply

14  with the exhaustion requirements of the FTCA.  The fact that

15  plaintiff believes he knew what the response to the tort claim

16  would be does not excuse compliance with the exhaustion

17  requirements of the FTCA.  In <u>Webster v. Veterans Administration,</u>

18  <u>et al.</u>, No. CV-F-01-5271 REC/LJO, the United States moved to

19  dismiss plaintiff's complaint for lack of compliance with the

20  FTCA.  After describing the jurisdictional prerequisites to an

21  action under the FTCA, the court noted:

22            However, at oral argument, the United States,
              because of the allegation of a violation of
23            the ADA, agreed to hold this action in
              abeyance pending the expiration of the six
24            month period.  The court construes this
              agreement to be consent to a waiver of
25            sovereign immunity to allow Webster to file
              an amended complaint alleging compliance with
26            the FTCA, <u>see</u> <u>Duplan v. Harper</u>, 188 F.3d

1                1195, 1199-1200 (10th Cir. 1999) (Plaintiffs'
                filing of an amended complaint was treated by
2                the parties and the court has the institution
                of a new suit against the United States under
3                the FTCA).

4 Here, however, no such agreement or waiver has been made by the

5 United States.  The United States cannot be forced to do so

6 because of the strictures of sovereign immunity.  Therefore,

7 plaintiff cannot rely on what occurred in the earlier case to

8 excuse his noncompliance with the exhaustion requirement of the

9 FTCA.  Accordingly, to the extent that this action is based on

10 the FTCA, it must be dismissed for lack of subject matter

11 jurisdiction.

12      The United States argues that the claims alleged in the

13 Amended Complaint must be dismissed with prejudice to the extent

14 that those claims are based on tort.  The United States notes

15 that plaintiff's claim was denied on February 3, 2005,

16 approximately eleven months after this action was commenced.  28

17 U.S.C. § 2401(b) provides in pertinent part that "[a] tort claim

18 against the United States shall be forever barred unless ...

19 action is begun with six months after the date of mailing, by

20 certified or registered mail, of notice of final denial of the

21 claim by the agency to which it was presented."  Because

22 plaintiff did not file a complaint within six months of the

23 denial of the tort claim, the United States asserts that the

24 claims alleged in the Amended Complaint are forever barred by the

25 provisions of Section 2401(b).

26      The court agrees with the United States.  The six-month

1  statute of limitations set forth in Section 2401(b) commences to

2  run when the agency properly mails a notice of final denial.  <u>See</u>

3  <u>Lehman v. United States</u>, 154 F.3d 1010, 1015 (9th Cir. 1998),

4  <u>cert. denied</u>, 526 U.S. 1040 (1999).  To proceed with the claims

5  under the FTCA, plaintiff would have had to file a complaint on

6  August 3, 2005.  Plaintiff did not do so and, as noted above, he

7  could not have further amended the Amended Complaint in this

8  action to allege compliance with the FTCA.  Therefore, any claims

9  for relief under the FTCA alleged in the Amended Complaint are

10  barred by 28 U.S.C. § 2401(b) and are dismissed with prejudice.

11           **3.  <u>Americans with Disabilities Act</u>**.

12     The United States moves for judgment on the pleadings to the

13  extent that the Amended Complaint purports to allege a claim

14  against the Veterans Administration under the Americans with

15  Disabilities Act.

16     Judgment on the pleadings is granted on this ground.  Title

17  II of the ADA does not apply to the federal government.  <u>Cellular</u>

18  <u>Phone Taskforce v. FCC</u>, 217 F.3d 72, 73 (2nd Cir. 2000), <u>cert.</u>

19  <u>denied</u>, 531 U.S. 1070 (2001).

20           **4.  <u>38 U.S.C. § 511</u>**.

21     Defendant also moves for judgment on the pleadings to the

22  extent that the Complaint seeks judicial review of benefit

23  determinations by the Veterans Administration, defendant

24  contending that judicial review by this court is barred by 38

25  U.S.C. § 511.

26

38 U.S.C. § 511 provides:[1]

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents of survivors of veterans.  Subject to subdivision (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

In <u>Price v. United States</u>, 228 F.3d 420, 421 (Fed.Cir. 2000), <u>cert. denied</u>, 534 U.S. 903 (2001), the Federal Circuit explained:

> As amended by the Veterans Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988) (VJRA), the Veterans' Benefits Act of 1957, Pub.L. No. 85-86, 71 Stat. 83, precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits, including medical expense reimbursement.  38 U.S.C. § 511(a) ... The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit.

In <u>Devine v. Cleland</u>, 616 F.2d 1080 (9th Cir. 1980), the Ninth

---

[1]The exceptions set forth in 38 U.S.C. § 511(b) are: (1) matters subject to 38 U.S.C. § 502 (Federal Circuit jurisdiction over Administrative Procedure Act review of VA rulemaking); (2) matters covered by 38 U.S.C. §§ 1975 and 1984 (jurisdiction of federal district courts over suits on Veterans' Group Life Insurance, National Service Life Insurance and U.S. Government Life Insurance); (3) matters arising under chapter 37 of Title 38 (involving VA housing and small business loans); and (4) matters arising under chapter 72 of Title 38 (covering the appeals process to the Board, Court of Appeals for Veterans Claims and, ultimately to the Federal Circuit Court of Appeals and the Supreme Court.  <u>See</u> <u>Bates v. Nicholson</u>, 398 F.3d 1355, 1359 n.1 (Fed.Cir.), <u>cert. denied</u>, 125 S.Ct. 2294 (2005).  None of these exceptions apply to the allegations of the Amended Complaint.

Circuit addressed whether the district court had jurisdiction to review the VA's procedures for suspending or terminating student-veterans' educational benefits.  The Ninth Circuit noted that the Supreme Court in <u>Johnson v. Robison</u>, 415 U.S. 361 (1974), held that Section 211(a), now Section 511(a), does not preclude judicial review of the constitutionality of veterans' benefits legislation.  The Ninth Circuit further referred to its decision in <u>Moore v. Johnson</u>, 582 F.2d 1228 (9th Cir. 1978).   The <u>Devine</u> court then explained:

> We have interpreted <u>Robison</u> to require a examination of the 'substance' of an action, to determine whether it challenges a 'decision of the Administrator on a "question of law or fact concerning a benefit provided by a law administered by the Veterans Administration,"' ... or instead challenges the constitutionality of an Act of Congress ... In conducting such an examination, we are assisted by the legislative considerations that prompted the passage of section 211(a). The Court in <u>Robison</u> identified two primary purposes:
>
> > (1) to insure that veterans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time-consuming litigation, and (2) to insure that the technical and complex determinations and applications of Veterans' Administration policy connected with veterans' benefits decisions will be adequately and uniformly made.

Here, the "substance" of the Amended Complaint is that the Veterans Administration did not provide a machine allegedly needed for plaintiff's post-operative recovery for rotator cuff

1  surgery on plaintiff's right shoulder and pain medication in a

2  timely manner; that the Veterans Administration will not pay for

3  antibiotics prescribed by a "civilian doctor"; and that the

4  Veterans Administration will not replace "his appointed V.A.

5  doctor ... a doctor Yee ... with a English speaking American

6  Doctor."  None of these claims can be construed as challenging

7  the constitutionality of an Act of Congress.

8      At oral argument, plaintiff contended that he is being

9  discriminated against with regard to benefits by the Veteran's

10  Administration in retaliation for the filing by plaintiff of

11  Webster v. Veterans Administration, et al., No. CV-F-01-5271

12  REC/LJO.  As noted, the caption of plaintiff's Amended Complaint

13  refers to the "Civil Rights Act".  To the extent that the Amended

14  Complaint may be construed to be an attempt to allege a claim for

15  violation of constitutional rights, the FTCA does not contain a

16  waiver of sovereign immunity for constitutional tort claims.  See

17  Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995).

18  Furthermore, plaintiff cannot state a claim for violation of

19  constitutional rights against employees of the Veteran's

20  Administration under Bivens v. Six Unknown Agents of the Federal

21  Narcotics Bureau, 403 U.S. 388 (1971), because such a claim is

22  precluded by Section 511(a).  See Hicks v. Small, 842 F.Supp. 407

23  (D.Nev. 1993), aff'd, 69 F.3d 967 (9th Cir. 1995).

24      Consequently, the United States is entitled to judgment on

25  the pleadings because of this court's lack of jurisdiction under

26  Section 511(a).

10

1    Plaintiff did not respond to the merits of the citation to

2 Section 511(a).  Plaintiff does not argue that the statute is

3 inapplicable to his claims under the standards set forth above.

4 However, plaintiff does state:

5           The Defendant can site all the Veterans
            Judicial Review Act he pleases but it isn't
6           going to justify the day to day treatment and
            Lack of treatment we Veterans get on a daily
7           basis.  If this Court sees fit to dismiss
            this Complaint, the Plaintiff will be back to
8           file it again and again until his Complaint
            is judged on it's merits instead of twisted
9           stories to fit the issue at hand.

10    Plaintiff is advised that he has a remedy by law set forth

11 in 38 U.S.C. § 7104 by which he can appeal any benefits

12 determination to the Board of Veterans Appeals.  If dissatisfied

13 with the ruling of the Board of Veterans Appeals, plaintiff may

14 appeal to the Court of Appeals for Veterans Claims pursuant to 38

15 U.S.C. § 7252.  If still dissatisfied, plaintiff may appeal to

16 the United States Court of Appeals for the Federal Circuit

17 pursuant to 38 U.S.C. § 7292.  Plaintiff cannot proceed in this

18 court if this court does not have jurisdiction.  Plaintiff is

19 warned that he risks being sanctioned if he persists in filing

20 complaints in this court that this court has ruled it does not

21 have jurisdiction to consider.  Such sanctions can include pre-

22 filing review of complaints attempted to be filed by plaintiff, a

23 requirement that plaintiff pay the court's filing fee before

24 filing a complaint and/or other monetary or terminating

25 sanctions, including dismissal.  While plaintiff has the right to

26 file a complaint containing allegations and prayers for relief

11

1  within this court's subject matter jurisdiction, the court

2  cautions plaintiff that plaintiff will be responsible for

3  considering the law cited by this court in filing any such future

4  complaints and that the failure to heed this court's rulings may

5  lead to the imposition of sanctions as described in this Order.

6       **B.  Plaintiff's Motion to Amend**.

7       In his motion to amend, "[t]o show the continual harassment

8  and Retaliation shown by the Veterans Administration", plaintiff

9  seeks leave to add allegations pertaining to the delay in

10 providing medical coverage benefits to his new spouse and her

11 child after his marriage on February 19, 2005 and the reduction

12 in plaintiff's benefits because of his divorce and remarriage,

13 plaintiff contending that the alleged actions were due to the

14 gross negligence and misfeasance of the Veterans Administration.

15      Rule 15(a), Federal Rules of Civil Procedure, provides that

16 "leave [to amend] shall be freely given when justice so

17 requires."  "The purpose of pleading is 'to facilitate a proper

18 decision on the merits' ... and not erect formal and burdensome

19 impediments to the litigation process.  Unless undue prejudice to

20 the opposing party will result, a trial judge should ordinarily

21 permit a party to amend its complaint."  Howey v. United States,

22 481 F.2d 1187, 1990 (1973).  However, "[t]his strong policy

23 toward permitting the amendment of pleadings ... must be tempered

24 with considerations of 'undue delay, bad faith or dilatory motive

25 on the part of the movant, repeated failure to cure deficiencies

26 by amendments previously allowed, undue prejudice to the opposing

12

1   party by virtue of allowance of the amendment, futility of

2   amendment, etc.' <u>Foman v. Davis</u>, 371 U.S. 178, 182 ... (1962)."

3   <u>Schlacter-Jones</u>, 936 F.2d 455, 443 (9th Cir. 1991).

4        Here, leave to amend is denied on the ground of futility.

5   First of all, defendant is entitled to judgment on the pleadings

6   for lack of jurisdiction with regard to the allegations of the

7   Amended Complaint presently before the court.  Secondly, to the

8   extent that plaintiff seeks to amend to include claims for

9   negligence and/or misfeasance against the Veterans

10  Administration, the proposed amendments do not include

11  allegations that plaintiff has complied with the requirements of

12  the Federal Tort Claims Act with respect to the proposed

13  allegations and plaintiff made no such representations at oral

14  argument.  Thirdly, the proposed allegations challenge decisions

15  concerning the provision of benefits.  As ruled <u>supra</u>, this court

16  does not have jurisdiction to conduct such a review because of

17  the provisions in 38 U.S.C. § 511(a).

18       ACCORDINGLY:

19       1.  Defendant's motion for judgment on the pleadings is

20  granted.

21       2.  Plaintiff's motion to amend is denied.

22       3.  Judgment for defendant to be entered.

23       IT IS SO ORDERED.

24  **Dated:  November 8, 2005**                **/s/ Robert E. Coyle**
    668554                                 UNITED STATES DISTRICT JUDGE

25

26